[714 NYS2d 505]

In the Matter of TRACI KWIATKOWSKI (Admitted as TRACI LYNN KWIATKOWSKI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, October 2, 2000

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 68

charges of professional misconduct. She submitted an answer to the petition in which she denied violating the disciplinary rules and raised several affirmative defenses.

At the hearing, Charges 10, 11, 44, 46, and 51 were amended. The respondent stipulated to all of the facts contained in the amended petition, and pursuant to the stipulation, 149 exhibits were entered into evidence on behalf of the Grievance Committee without objection. The respondent testified on her own behalf and submitted several character letters. At the conclusion of the hearing, the Special Referee sustained all 68 charges, as amended. The Grievance Committee now moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted any papers in response to the motion.

Charge 1 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by failing to take appropriate steps to pay bank charges that were assessed against an escrow account at the Bank of New York entitled "Friedman & Kwiatkowski, Special Account."

Charges 2, 9, 12, 15, 23, 24, 28, 31, 33, 36, 40, 42, 55, and 56 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by disbursing checks from the firm's special account at a time when there were no corresponding funds on deposit, resulting in the checks being drawn against funds on deposit for unrelated matters.

Charges 3, 4, 5, 7, 13, 16, 18, 19, 20, 21, 26, 27, 29, 30, 35, 38, 39, 41, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 58, 59, 60, and 63 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by failing to account for funds on deposit in the firm's special account and/or not maintaining a duly constituted escrow account.

Charges 6, 10, 14, 17, 22, 25, 32, 34, 37, and 61 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by disbursing funds in excess of those on deposit for a particular matter thereby converting and/or failing to

safeguard funds entrusted to her as a fiduciary in connection with other matters.

Charges 8, 11, 43, 57, and 62 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by disbursing checks that were returned for insufficient funds thereby converting and/or failing to safeguard funds entrusted to her as a fiduciary.

Charge 64 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by disbursing an escrow check for a non-escrow related purpose.

Charge 65 alleged that the respondent permitted Steven Friedman, who was not admitted to practice law in New York, to be authorized as a signatory on the firm's escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

Charge 66 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by failing to ensure that funds deposited into the firm's special account remained intact. Specifically, Steven Friedman disbursed funds from the special account for purposes unrelated to escrow on several occasions.

Charge 67 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by converting and/or failing to safeguard funds entrusted to her as a fiduciary. Specifically, the balance in the firm's special account was less than the amount that was required to be held by her on no fewer than three occasions and, in fact, was negative on no fewer than three occasions.

Charge 68 alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), by failing to supervise Steven Friedman, who was not admitted to the practice of law in New York and whom the respondent permitted to engage in such practice without any supervision.

At the hearing, the respondent testified that she was admitted to the Bar in January 1996 and began working for Steven

Friedman's law firm in March of 1996. Unbeknownst to her, Friedman was not admitted to the practice of law in New York. In June 1996, she entered into a partnership agreement with Friedman. However, Friedman continued to control the firm, and the respondent continued to be paid as an employee. Moreover, Friedman retained custody and control of the firm's escrow account.

In September 1996 the respondent learned that Friedman was not admitted to practice in New York. She left the firm to open a new office in Amsterdam, New York, but all the partnership files and assets remained with him. The respondent subsequently learned that Friedman had not closed their partnership accounts as he had promised. At that point, the respondent contacted an attorney who filed a petition to dissolve the partnership, freeze the firm's assets, and retrieve the files. The firm was judicially dissolved in January 1997.

The respondent later learned that Friedman, who had been admitted to the Bar in Connecticut, was disbarred in that State for stealing hundreds of thousands of dollars from his Connecticut clients. She also learned that there were criminal charges pending against him in Westchester County for converting client settlement funds.

In view of the parties' stipulation and the documentary evidence submitted by the Grievance Committee, the Special Referee properly sustained all of the charges against the respondent.

In determining the appropriate measure of discipline to impose, the Court has considered the respondent's youth and inexperience at the time of these acts, as well as her testimony that she was taken advantage of by an older and more experienced attorney in furtherance of his scheme to practice law in New York State without being admitted to the Bar here. Under these unique circumstances, the respondent is publicly censured for her professional misconduct.

BRACKEN, J. P., O'BRIEN, RITTER, SANTUCCI and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Traci Kwiatkowski, is censured for her professional misconduct.